UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| PIOTR JAN GRABOWSKI,<br>        Petitioner,<br><br>        v.<br><br>DANIEL MARTIN, Warden for Donald<br>W. Wyatt Detention Facility; WING<br>CHAU, U.S. Marshal for District of<br>Rhode Island; and "JOHN DOE,"<br>Fictitious Name, U.S. Marshal for<br>District of Connecticut,<br>        Respondents. | C.A. No. 21-039-JJM-PAS |

## MEMORANDUM and ORDER

JOHN J. MCCONNELL, JR., Chief United States District Judge.

Piotr Jan Grabowski has been certified for extradition to Poland, where he had been convicted of two crimes nearly twenty years ago. He petitioned this Court for habeas corpus, and in the alternative requested bail for the remainder of his extradition proceedings. For the reasons stated below, the Court DENIES his claims for relief. ECF No. 1.

## I.    FACTS

On October 3, 2001, a court in Poland tried and convicted Piotr Jan Grabowski of rape and participating in a beating that led to injury. The Court sentenced him to prison for two years and six months. ECF No. 7 at 1-2.

The Government of Poland submitted the following facts in support of extradition. The victim told her mother and the police that Mr. Grabowski and

another man used force to assault her sexually. *Id.* at 6. When the victim's mother found her, her clothing was torn, and she was crying and in great distress. *Id.* A medical exam a day after the assault documented that she had suffered physical injuries that caused bruising and pain consistent with the events she described to the police. *Id.* During her struggle with Mr. Grabowski and another man, the victim left her underwear and a watch in the unfinished residential building where the assault occurred. The police found the watch and underwear in the place that she had described. *Id.* at 5.

At his trial in Poland, Mr. Grabowski initially denied having sexual contact with the victim, but then stated that she had willingly performed oral sex on him after declining vaginal sex. *Id.* at 6. Mr. Grabowski did not explain the victim's injuries or torn clothing. *Id.* At trial, the victim recanted and said that although Mr. Grabowski dragged her into the room, he did not personally rape or assault her. *Id.* After weighing all the evidence, the Polish court convicted Mr. Grabowski and sentenced him to confinement for two years and six months minus time served during the proceedings. Mr. Grabowski appealed and, after making similar considerations, the appellate court affirmed his conviction. *Id.* at 6-7.

After Mr. Grabowski was convicted, he failed to report to the penal institution to serve his sentence and instead he fled to the United States. The Government of Poland now seeks to extradite him in accordance with treaty obligations between the United States and Poland. *Id.* at 2.

Mr. Grabowski was arrested in Connecticut and the United States sought certification for extradition. At the hearing, the magistrate judge excluded the victim's recantation evidence because the Polish court had already weighed it. The magistrate judge issued an Order and Committal for Extradition. *Id.* Now, Mr. Grabowski has applied to this Court for habeas review regarding his detention for extradition or, in the alternative, seeks to be released on bond for the remainder of the extradition process because of the COVID-19 pandemic. ECF No. 1 at ¶ 2, ¶ 4.

## II.   STANDARD OF REVIEW

In extradition proceedings, "habeas corpus is available only to inquire whether the magistrate had jurisdiction, whether the offense charged is within the treaty and, by a somewhat liberal extension, whether there was any evidence warranting the finding that there was reasonable ground to believe the accused guilty." *Aguasvivas v. Pompeo*, 984 F.3d 1047, 1055 (1st Cir. 2021) (quoting *Fernandez v. Phillips*, 288 U.S. 311, 312 (1925)). The First Circuit has applied the "any evidence" standard liberally in deference to the findings of the magistrate judge. *See Koskotas v. Roche*, 931 F.2d 169, 176 (1st Cir. 1991).

The role of the magistrate judge in extradition proceedings is set out in 18 U.S.C. § 3184. Upon a complaint from an extradition treaty partner, the magistrate judge issues an arrest warrant, provided the offense charged is covered by the treaty. *See U.S. v Kin-Hong*, 110 F.3d 103, 109 (1st Cir. 1997). The judicial officer then holds a hearing to determine if the evidence is enough to sustain the charge under the treaty. *Id.* Under 18 U.S.C. § 3184, the role of the judicial officer is "limited to a

3

narrow set of issues concerning the existence of a treaty, the offense charged, and the quantum of evidence offered." *Id.* at 110. The role of the judicial officer is "to determine whether there is competent evidence to justify holding the accused to await trial, and not to determine whether the evidence is sufficient to justify a conviction." *Collins v. Loisel*, 259 U.S. 309, 316 (1922). On habeas review, this Court will review the evidence to determine whether there is "any evidence" to justify finding probable cause.

## III.   DISCUSSION

### A. Petition for Habeas Relief

Mr. Grabowski asserts that the Government has failed to show probable cause, thereby violating his Fourth Amendment rights. This alleged lack of probable cause is the basis for Mr. Grabowski's habeas petition. Therefore, this Court will examine whether the Government has shown any evidence that probable cause existed to satisfy the requirements of habeas review of extradition cases. In this context, probable cause is satisfied by the familiar domestic requirement necessary to hold someone for trial, rather than what would be required to convict. *Sidali v. INS*, 107 F.3d 191, 199 (3d Cir. 1997). Probable cause is incapable of a precise formulation, but the "substance of all the definitions of probable cause is a reasonable ground for belief of guilt, and that belief must be particularized with respect to the person to be searched or seized." *Maryland v. Pringle*, 540 U.S. 366, 371 (2003) (citations and quotations omitted).

During the magistrate proceeding, the Government presented Mr. Grabowski's Polish trial and appellate court records. After reviewing them, the magistrate judge found that there was enough evidence to support a finding of probable cause. In his habeas petition, Mr. Grabowski challenges this outcome.

During his pre-certification proceedings before the magistrate judge, Mr. Grabowski sought to present recantation evidence from the victim[1] – claiming that this evidence negates the basis for his conviction, as well as any probable cause that may have existed for his arrest. Although the magistrate judge permitted the entry of an affidavit from the victim corroborating Mr. Grabowski's version of events, he excluded the recantation testimony. Mr. Grabowski argues that this exclusion was improper, whereas the Government counters that this consideration is beyond the scope of habeas review. Instead, they urge, this Court must show deference to the magistrate judge.

---

[1] The Polish judgement expressly recounts that the victim made a statement to the police after the incident but then recanted during the trial and discusses the reasons why it discounted this recantation and found the earlier testimony provided by the victim more credible. These considerations include the following: (1) the earlier testimony was closer to the incident, (2) the earlier testimony was made despite doubts the victim had about whether to prosecute the assailant, (3) the earlier testimony was consistent with physical and medical evidence, statements made by the victim's mother, and Mr. Grabowski's admission that he had oral sex with the victim, (4) that Mr. Grabowski's denials were not credible because he denied sexual contact with the victim and then said that they had consensual sexual contact—which is not consistent with the physical evidence showing that the victim was assaulted and does not refute or explain this evidence, and (5) that Mr. Grabowski's statement that he had consensual oral sex with the victim but did not commit any violent act toward her is not consistent with her recantation during the trial which stated that he helped drag her into the room but did not sexually assault her. ECF No. 7 at 7.

Though habeas review is limited to a narrow set of issues and is not a means for rehearing the findings of the magistrate judge, the First Circuit has recognized "that serious due process concerns may merit review beyond the narrow scope of inquiry in extradition proceedings." *Matter of Extradition of Manzi*, 888 F.2d 204, 206 (1st Cir. 1989); *see also Hoxha v. Levi*, 465 F.3d 554, 560 (3d Cir. 2006) ("We review a magistrate judge's decision to admit or exclude evidence in an extradition proceeding for abuse of discretion."). Excluded evidence affects a determination of probable cause, and so it is within the scope of habeas review to examine whether the magistrate judge abused his discretion by excluding evidence. *See, e.g., Manzi*, 888 F.2d at 205.

A defendant may introduce a limited range of evidence at an extradition hearing. *See Hoxha*, 465 F.3d at 561. Traditionally, courts have "distinguished between inadmissible 'contradictory evidence,' which merely conflicts with the government's evidence, and admissible 'explanatory evidence,' which entirely eliminates probable cause." *Id.; see also Koskotas*, 931 F.2d at 175 ("Although it is within the discretion of the district court to permit the relator to offer limited, explanatory evidence relating to the charges against him, contradictory evidence properly may be excluded."). There is some question whether recantation evidence is ever admissible, but there is no need to resolve the issue because it was appropriate to exclude the evidence in question here either way.

The victim's recantation was weighed at length by the Polish trial court. That court convicted Mr. Grabowski, and the Polish appeals court affirmed. The Polish

courts found that Mr. Grabowski's narrative was not consistent with his earlier testimony, and that it was not consistent with the physical evidence gathered near the time of the incident. The victim's most recent recantation still does not explain or refute the other physical evidence that weighed so heavily in the Polish deliberations. This Court finds that, because the recantation testimony offered by Mr. Grabowski does not negate probable cause, the magistrate judge did not abuse his discretion in excluding it.

Mr. Grabowski further contends that, when considering the evidence surrounding his criminal conviction, this Court must link the physical evidence with specific deeds that he committed. That may be true if this were a criminal trial; however, this is not a criminal trial requiring the Government to prove its case beyond a reasonable doubt. This is a habeas petition regarding the extradition of a person who has already been tried and convicted and whose conviction was affirmed by appellate review. Our inquiry is limited to whether the Government has shown "any evidence" of probable cause.[2] There are reasonable grounds to believe that the defendant is guilty: a Polish court has already convicted Mr. Grabowski after considering recantation evidence and Mr. Grabowski's version of events. Furthermore, contemporaneous physical evidence taken right after the incident independently meets the requirement of "any competent evidence" demonstrating

---

[2] Though the First Circuit has recently considered that the "any evidence" standard is potentially out of keeping with more searching inquiries in other circuits, it remains the standard, and this issue need not be resolved here. *Kin-Hong*, 110 F.3d at 117.

probable cause. Therefore, this Court finds that there is probable cause, and DENIES Mr. Grabowski's request for habeas relief on that ground. ECF No. 1.

*Claims Regarding the Polish Judicial System*

Arguing that the Polish courts' findings were unfair, Mr. Grabowski urges this Court to factor in Poland's political developments when considering his habeas petition. ECF No. 1 at 14. He alleges that during the time that he was tried and convicted, Poland retained vestiges of a communist system in which justice was unfairly dispensed. Mr. Grabowski then details how recent developments in Poland have potentially brought the independence of the Polish judiciary into question. In support of this contention, Mr. Grabowski cites several recent cases in which European courts denied extradition to Poland because of concerns about the fairness and impartiality of the Polish judiciary.[3] Conflating these separate issues, Mr. Grabowski contends that his conviction was due to the unfairness of the Polish legal system and asks for relief on this basis.

When evaluating issues such as the legal system of an extradition treaty partner, the Court is required to follow the doctrine of non-inquiry. Non-inquiry is a doctrine that "tightly limits the appropriate scope of judicial analysis in an extradition proceeding. Under the rule of non-inquiry, courts refrain from

---

[3] *See* HRC of Karlsruhe [OLGSt] [Higher Regional Court] Decision of 17 February 2020, AUSL 301 AR 156/19; [2018] EWHC 2093 (Admin) (regarding R (on the application of Strzepa) v District Court of Koszalin). *But see* [2020] EWHC 1258 (Admin) Wisniewski v Polish Judicial Authority (quoting [2015] EWHC 1274 (Admin) Polish Judicial Authority v Celinski) (which weighed extradition for a rape conviction in Poland and found the seriousness of the crime merited extradition)).

'investigating the fairness of a requesting nation's justice system.'" *Kin-Hong*, 110 F.3d at 110. This doctrine "is shaped by concerns about institutional competence and by notions of separation of powers." *Id.* However, this principle is not absolute: the First Circuit has noted that "like the Second Circuit, [the court] 'can imagine situations where the relator, upon extradition, would be subject to procedures or punishment so antipathetic to a federal court's sense of decency as to require reexamination of the principle.'" *Id.* at 112 (quoting *Gallina v. Fraser*, 278 F.2d 77, 79 (2d Cir. 1960)).

This is not a case that requires a reexamination of the doctrine of non-inquiry. Mr. Grabowski brings no specific claims connecting Poland's recent political developments to his criminal sentencing, which occurred nearly 20 years ago. There is also nothing in the trial, judgement, sentencing, or extradition procedure that would justify an incursion into considerations that properly belong to the Executive Branch.[4] Thus, the Court DENIES Mr. Grabowski's request for habeas relief based on the unfairness of the Polish legal system.

*B. Request for Temporary Release on Bail*

Mr. Grabowski also requests that this Court grant him temporary release on bail during his extradition proceedings. Mr. Grabowski alleges that by failing to release him on bail, the Government is violating his Fifth, Eighth, and potentially

---

[4] *See Kin-Hong*, 110 F.3d at 111 ("It is not that questions about what awaits the relator in the requesting country are irrelevant to extradition; it is that there is another branch of government, which has both final say and greater discretion in these proceedings, to whom these questions are more properly addressed.").

Fourteenth Amendment rights under the U.S. Constitution.   The Government counters that this Court lacks the power to grant bail post-certification based on the statute governing extraditions.   Under 18 U.S.C. § 3184, "[the court] shall issue [a] warrant for the commitment of the person so charged to the proper jail, there to remain until such surrender shall be made."   The Government cites this commanding language, as well as dicta from another district court, to support its claim.

Bond eligibility for individuals being held for extradition is generally governed by the "special circumstances" test established in *Wright v. Henkel*, 190 U.S. 40 (1903).   There, the Supreme Court held that special circumstances may warrant the release of someone being held for extradition, but there is a presumption against bail—which is consciously not the same domestic standard requiring a presumption in favor of bail that Mr. Grabowski cites as a violation of his Eighth Amendment rights. *Id.* at 63. Under the *Wright* test, a petitioner must show that there are special circumstances warranting their release, which weighs against other considerations such as whether they are a flight risk or a danger to their community. *See, e.g., U.S. v. Leitner*, 784 F.2d 159, 160-61 (2d Cir. 1986) ("[I]n this case, as found by the district court, the violent acts of terrorism allegedly involved, when coupled with any risk of flight warrant the denial of bail.").

Special circumstances have been found in a variety of instances including where: (1) there was both a "lack of any diplomatic necessity for denying bail" and a delay in extradition proceedings; (2) the detainee might suffer a serious health threat while detained; and (3) the petitioner raises substantial claims showing a high

likelihood of success on the merits. *United States v. Castaneda-Castillo*, 739 F.Supp.2d 49, 56 (D. Mass. 2010).

In *Beaulieu v. Hartigan*, 554 F.2d 1 (1st Cir. 1977), the First Circuit addressed the issue of bond for extradition in international cases post-certification. There, the court applied *Wright*'s "special circumstances" test and, though it found no special circumstances, gave no indication that a federal court lacks the power to issue a bond post-certification. *Id.* Echoing *Wright*, the court also cautioned that there is a presumption against granting bail. *Id.* at 2. Other federal courts have expressly repudiated the notion that federal courts lack the power to issue bond post-certification.[5] Because our circuit has not drawn a distinction between pre- and post-certification bond, this Court will not create one, and will apply the "special circumstances" test in this case.

Mr. Grabowski initially came to the United States fleeing his conviction in Poland. Mr. Grabowski's previous flight does merit caution, but in the meantime

---

[5] *See In re Extradition of Hilton*, No. 13-7043-JCB, 2013 WL 3282864, at *3 (D. Mass. June 26, 2013) ("Accordingly, several courts have found that they have the authority to grant release after the issuance of a certificate of extraditability and during the pendency of habeas proceedings."); *Nezirovic v. Holt*, 990 F.Supp.2d 594, 599 (W.D. Va. 2013) ("Following the plain weight of authority, therefore, the court concludes that *Wright v. Henkel* allows a court to release an extraditee on bond pending habeas review following certification of the extradition by a magistrate judge."); *In re Extradition of Kapoor,* No. 11-M-456 (RML), 2012 WL 2374195, at *3 (E.D.N.Y. June 22, 2012) ("[Courts] have not drawn any distinction between pre-and post-certification bail applications and have time and again considered bail requests after a judicial finding of extraditability."); *Wroclawski v. United States*, 634 F.Supp.2d 1003, 1005-06 (D. Ariz. 2009) ("And while [*Wright v.] Henkel* arose during the pre-certification stage of extradition, subsequent case law has made clear that the special circumstances test is applicable in both the pre- and post-certification stages of extradition.").

twenty years have elapsed.[6]  In that time, Mr. Grabowski has started a family and made a life in the United States.  He did not flee after being granted temporary release previously, albeit under strict conditions.  Mr. Grabowski was convicted for violent acts in Poland twenty years ago.  However, his subsequent behavior in the United States shows no tendency toward violence, and the Government has shown no convincing evidence that he currently poses a danger to society.  Considering the time elapsed since Mr. Grabowski's conviction, as well as his connections to the United States and his family here, it is hard to see how he would pose a flight risk or danger to his community if he were released on bail under similar circumstances as his previous release.

Despite this, Mr. Grabowski has posited no special conditions that overcome the presumption against his release on bond.  Mr. Grabowski has already been convicted, so there is no likelihood of success on the merits.  Though the Government of Poland has delayed extradition for the past twenty years, there is no prospective delay in the extradition process outside of what is inherent in litigation.  Though he cites a COVID-19 outbreak in the facility where he is being detained, this outbreak impacts every detainee.  Mr. Grabowski has alleged no specific special health conditions and is not in a high-risk category for detrimental impact from COVID-19 infection that could justifiably be considered a special circumstance.

---

[6] Incidentally, twenty years is the length of the whole of Odysseus' absence from Ithaca for the Trojan War.  Twenty years is historically considered to be a long time in the life of one individual—and enough time for the circumstances of an individual's life to change significantly.  *See* Homer, *The Odyssey* (Robert Fagles trans. 1996).

As for Mr. Grabowski's Fifth and Fourteenth Amendment rights, this Court need go no further than to say that there is a carefully considered process for assessing whether persons being held for extradition should be released on bail. There is no reason alleged, nor any readily discernable, for this Court to consider implementing this process a violation of Mr. Grabowski's rights

Therefore, because Mr. Grabowski has shown no special circumstance that would warrant his release, this Court DENIES his request to be released on bond.

## IV.   CONCLUSION

The Government of Poland tried and convicted Mr. Grabowski of serious criminal acts.  Rather than serve his sentence, Mr. Grabowski fled to the United States.   The Government of Poland now seeks to extradite Mr. Grabowski in accordance with our treaty obligations.  The magistrate judge found that there was enough evidence to find probable cause to extradite Mr. Grabowski.  This Court agrees with the findings of the magistrate judge and therefore DENIES Mr. Grabowski's petition for habeas corpus.  ECF No. 1.  Additionally, because Mr. Grabowski has not shown special circumstances that would overcome the heavy presumption against bail in extradition cases, the Court DENIES his request for temporary release.  *Id.*

IT IS SO ORDERED.

John J. McConnell, Jr.
Chief Judge
United States District Court

April 30, 2021